**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

    v.                                   Criminal Action No. 1:05CR107-3

**AMANDA SMITH,**
    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal rule of Criminal Procedure 11. On the 2nd day of February, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Shawn Angus Morgan, Assistant United States Attorney, and also came the Defendant in person and by her attorney, Joshua Sturm.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Six of the Indictment.

Counsel for the Government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Counsel for Defendant stated the Government's summarization of the written plea agreement corresponded with his understanding of same. Defendant stated she understood the terms of the written plea agreement and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written Plea Agreement filed.

1

Thereupon, the Court placed Defendant under oath, and thereafter inquired of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Amanda Smith, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Six of the Indictment, charging her with aiding and abetting other persons in knowingly and intentionally maintaining a drug-involved

premises within 1000 feet of the Stealey Avenue Playground, in violation of Title 21, United States Code, § 856(a)(2) and 860, and Title 18, United States Code, Section 2; her rights pursuant to F.R. Cr. P 5; the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Six of the Indictment; the impact of the sentencing guidelines on sentencing in general; and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her, and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year and not more than forty (40) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to up to six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated December 21, 2005, and signed by her on January 5, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Six of the Indictment, the undersigned

Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her guilty plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count Six of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned further examined Defendant with regard to her understanding of the impact of her conditional waiver of her direct appeal rights as contained in her written Plea Agreement, and determined she understood those rights and voluntarily gave them up, subject to the conditions stated, as part of the written plea agreement.

The undersigned Magistrate Judge further examined Defendant concerning the parties' stipulation, which states:

> Pursuant to Sections 6B1 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, from on or about November 1, 2005 until on or about November 14, 2005, at or near Clarksburg, Harrison County, West Virginia, and within 1000 feet of Stealey Avenue Playground the defendant, aided and abetted by other persons known and unknown to the Grand Jury, did manage and control the residence at 519 Milford Street, Apartment 3, whether permanently or temporarily as a lessee and occupant, and did knowingly and intentionally make available for use, with and without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, to wit: cocaine base, also known as "crack." The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 5 grams but less than 20 grams of cocaine base.

From his examination of Defendant, the undersigned determined Defendant understands that the Court is not bound by this stipulation, and Defendant may not withdraw her plea of guilty even if the Court chooses not to accept the stipulation.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Six of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting other persons in knowingly and intentionally maintaining a drug-involved premises within 1000 feet of the Stealey Avenue Playground, in violation of Title 21, United States Code, Sections 856(a)(2) and 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Sgt Robert Cook of the City of Clarksburg, West Virginia, Police Department, and Defendant's under-oath allocution to or statement of why she believed she was guilty of the charge contained in Count Six of the Indictment.

Sgt. Cook testified he was assigned to the Harrison County Drug Task Force, investigating Defendant and others regarding distribution of crack cocaine. The investigation indicated Defendant was involved in the distribution of crack cocaine from a residence at 519 Milford St., Apt.

3, from November 1st through November 14, 2005. 519 Milford Street is within 1000 feet of Stealey Playground in Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia. The Stealey Playground has three or more separate apparatuses. The Drug Task Force made two separate controlled purchases at the apartment. On November 1, 2005, a confidential informant made a controlled buy from Scott Jones. On November 14, 2005, both Scott Jones and Defendant told the confidential informant to stop by the apartment. Defendant was present at the apartment and was assisted by others who are under investigation for the distribution of crack cocaine in making the transaction. The two controlled buys were recorded both by audio and video. Defendant receives mail at the residence, as does Jones. Defendant stated upon her arrest to the Drug Task Force that she rented the apartment. The substances were tested by the West Virginia State Police Laboratory, which confirmed they were crack cocaine.

Defendant then testified she was guilty of the charge contained in Count Six of the Indictment because she was selling crack cocaine at her apartment at 519 W. Milford street and was aware that others were around and were also selling crack cocaine.

From the testimony of Sgt. Cook, the undersigned Magistrate Judge concludes the offense charged in Count Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. Defendant's allocution supports this conclusion.

Thereupon, Defendant, Amanda Grace Smith, with the consent of her counsel, Joshua Sturm, proceeded to enter a verbal plea of guilty to the felony charge contained in Count Six of the Indictment.

After having cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11, the undersigned Magistrate Judge determined that Defendant's guilty plea was knowledgeable and voluntary as to the charge contained in Count Six of the Indictment and was supported by an independent basis in fact. The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Six of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Six of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending a hearing on the Petition for Action on Conditions of Pretrial Release filed in this matter on February 1, 2006.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2nd day of February, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE