IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

   v.                                      CRIMINAL ACTION NO. 1:05CR107-3

AMANDA SMITH,

        Defendant.

## **ORDER/OPINION**

On the 6th day of February, 2006, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Amanda Smith, in person, and by her counsel, Joshua Sturm, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Smith violated Conditions #7(p) and 7(r) of her Conditions of Release.

### I. Procedural History

On November 23, 2005, Defendant Amanda Smith was released on conditions set by Order. On February 1, 2006, pre-trial services officer Vincent Zummo filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated conditions # 7(p) and 7(r) of the Order. By Order dated February 2, 2006, the undersigned United States Magistrate Judge directed Defendant be arrested and brought before the Court to answer the allegations made against her in the Petition.

Defendant appeared before the undersigned for a hearing on the Petition for Action on Conditions of Pretrial Release on February 3, 2006.

### II. Contentions

The Petition alleges that Defendant:

1. Violated Condition No. 7(p) of the Order Setting Conditions of Release which required Defendant to refrain from the use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner, in that on or about January 20, 2006, Defendant submitted a urine specimen for testing, which specimen tested positive for marijuana and cocaine;

2. Violated Condition No. 7(p) of the Order Setting Conditions of Release which required Defendant to refrain from the use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner, in that on or about January 31, 2006, Defendant submitted a urine specimen for testing, which specimen tested positive for marijuana and cocaine. Defendant admitted to using cocaine approximately four days earlier; and

3. Violated Condition No. 7(r) of the Order Setting Conditions of Release which required Defendant to participate in a program of inpatient or outpatient substance abuse therapy, in that Defendant failed to report for counseling at Levin and Associates on January 30, 2006.

The undersigned notes Defendant's Pretrial Services Officer had filed a previous Petition for Action on Conditions of Pretrial Release on January 20, 2006, alleging that Defendant had submitted a urine specimen that tested positive for marijuana and cocaine on or about January 12, 2006. Defendant admitted at that time to using both substances. At that time the Pretrial Services Officer recommended no action be taken, because it was Defendant's first positive drug test since her release on bond and she was scheduled to begin substance abuse counseling and parenting classes at Levin and Associates on January 20, 2006.

Prior to the taking of evidence, Defendant waived the hearing and admitted the violations in the Petition. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing was knowingly and voluntarily made. Defendant then orally requested her release be continued with modifications.

### III. Findings Of Fact

The undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated November 23, 2005.

2) Condition No. 7(r) of the Order Setting Conditions of Release required Defendant to participate in a program of inpatient or outpatient substance abuse therapy.

3) Condition No. 7(p) of the Order Setting Conditions of Release required Defendant to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

4) Defendant was released from federal custody on November 23, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that she was aware of the conditions of her release, was aware of the penalties and sanctions for violations of her conditions of release, and promised to obey her conditions of release.

6) Defendant is Pretrial Services Officer Vincent Zummo's assigned supervisee.

7) Defendant submitted urine specimens that tested positive for marijuana and cocaine on three separate occasions, January 12, 2006, January 20, 2006, and January 31, 2006.

8) Defendant failed to report for scheduled drug substance abuse treatment at Levin and Associates on January 30, 2006.

## IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes by a preponderance of the evidence that Defendant violated conditions No. 7(r) and 7(p) of the Order Setting Conditions of Release entered November 23, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Amanda Smith is unlikely to abide by any condition

or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Amanda Smith on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: February 16, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE